IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

WARREN N. CEPHAS,

    Petitioner,

v.                                             Civil Action No. 3:08cv731

GENE JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner Warren Cephas, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Cephas challenges his robbery conviction and resulting twenty-five year sentence. He raises two grounds for relief in his "Memorandum of Law and Declaration" ("Pet'r's Mem.") (Docket No. 2):

    Claim One:     Petitioner's Fourteenth Amendment rights to Due Process under Neils v. Biggers, 409 U.S. 188 (1972), were violated by the evidence being insufficient to support his conviction for robbery beyond a reasonable doubt when the victim originally identified Petitioner at an impermissibly suggestive show-up and there was no evidence to show that her in-court identification was not based upon the impermissible one.

    Claim Two:     Petitioner's Fourteenth Amendment Due Process rights under In Re Winship, 397 U.S. 358 (1970), were violated by the trial court finding that the evidence was sufficient to convict Petitioner of robbery when the evidence failed to establish the use of force, violence or intimidation with the intent to steal.

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

(Pet'r's Mem. 3, 21 (capitalization, spelling, and grammar edited for clarity).) Respondent filed a motion to dismiss and appropriate *Roseboro*[2] notice. (Docket Nos. 7, 10.) Respondent contends that the Court of Appeals of Virginia and Supreme Court of Virginia addressed both claims on direct review, and that those rulings are entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d). Additionally, Respondent contends that Claim One is procedurally defaulted and therefore not subject to federal habeas review. Cephas has responded, and the matter is ripe for adjudication. The Court has jurisdiction pursuant to 28 U.S.C. §§ 636(c) and 2254.

## I. Procedural History

A jury sitting in the Circuit Court for the City of Richmond ("Circuit Court") convicted Cephas of robbery. On November 21, 2006, the Circuit Court entered final judgment and sentenced Cephas to twenty-five years of incarceration.

Cephas appealed his conviction. He raised three grounds in his petition to the Court of Appeals of Virginia, as presented in grammatically corrected form below:

> 1) The trial court erred when it denied Cephas's proposed jury instruction on the lesser included offense of larceny from the person.
>
> 2) [T]he trial court erred in finding the evidence sufficient to support a conviction for Robbery . . .
>
> 3) The [trial court] erred in failing to find the evidence insufficient to support a conviction for Robbery when the victim originally identified Cephas at a impermissibly suggestive show-up and there was no evidence to show her in-court i[dentification] was not based on the impermissible one.

---

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

(Pet. 3.) On June 25, 2007, in a per curiam opinion, the Court of Appeals denied Cephas's appeal because Rule 5A:18[3] barred review of his third ground (restated here as Claim One, or the "improper identification" claim) for relief. *Cephas v. Commonwealth*, Record No. 2928-06-2, at 3-4 (June 25, 2007). As to the second ground (restated here as Claim Two or the "sufficiency of evidence" claim), the Court of Appeals determined that the evidence sufficiently proved that Cephas committed each of the elements of robbery. *Id.* at 2-3. On September 28, 2007, a three-judge panel of the Court of Appeals again denied his petition, for the same reasons stated in the June 2007 opinion. The Supreme Court of Virginia refused Cephas's appeal on February 19, 2008.

On November 10, 2008, Cephas timely filed the instant federal petition for a writ of habeas corpus.

## II. Standard of Review

A federal court may grant habeas relief under 28 U.S.C. § 2254 only if state court proceedings resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or if the state court based its decision on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). "Under the 'contrary to'

---

[3] Rule 5A:18 of the Rules of the Supreme Court of Virginia, governing proceedings in the Court of Appeals of Virginia, states:

> No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

Va. Sup. Ct. R. 5A:18.

3

clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. In reviewing the decision of a state court, the state court's determination of factual issues shall be presumed to be correct, and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. Analysis

#### A. Claim One: Exhaustion and Procedural Default

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews*, 105 F.3d at 911 (*citing Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994)). Petitioner and Respondent agree that Petitioner exhausted his improper identification and sufficiency of evidence claims by pursuing direct appeal to the Court of Appeals and Supreme Court of Virginia.

4

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "A state rule is adequate if it is firmly established, and regularly and consistently applied by the state court, and is independent if it does not depend[] on a federal constitutional ruling." *Weeks v. Angelone*, 176 F.3d 249, 270 (4th Cir. 1999) (internal quotations and citations omitted). Furthermore, a federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (*quoting Coleman*, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, principles of federalism and comity preclude this Court from reviewing the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

The Court of Appeals of Virginia found Cephas's improper identification claim barred from review because Cephas failed to preserve that claim at trial as required by Rule 5A:18 of the Rules of the Supreme Court of Virginia governing the Court of Appeals. Rule 5A:18 is substantially identical to Rule 5:25,[4] which governs proceedings in the Supreme Court of Virginia and similarly requires a contemporaneous objection at trial to preserve an issue for

---

[4] "Error will not be sustained to any ruling of the trial court or the commission before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Va. Sup. Ct. R. 5:25.

appeal. *See Jimenez v. Commonwealth*, 402 S.E.2d 678, 680 (Va. 1991). Rule 5:25 is an independent and adequate state procedural rule. *Weeks*, 176 F.3d at 270 (finding Rule 5:25 an independent and adequate state procedural rule because it is unambiguous and regularly and consistently applied). Both the Eastern District of Virginia and the United States Court of Appeals for the Fourth Circuit have, in unpublished opinions, determined by analogy that Rule 5A:18 likewise serves as an independent and adequate state procedural rule. *King v. Dean*, 955 F.2d 41 (4th Cir. 1992) (No. 91-7305), *available at* 1992 WL 29295; *Chandler v. Angelone*, 2002 WL 32514958, at *8 (E.D. Va. Mar. 20, 2002) (finding federal habeas claim procedurally defaulted where Court of Appeals refused to consider claim under Rule 5A:18); *see also Perez v. Commonwealth*, 580 S.E.2d 507, 513 n.7 (Va. Ct. App. 2003) (Agee, J., concurring) ("Rules 5:25 and 5A:18 are interchangeable and what is said in application to one applies to the other.").

When deciding the improper identification claim, the Court of Appeals noted that, although Cephas made a motion to strike at the conclusion of the evidence at trial, he argued only that "the Commonwealth failed to establish the taking was accomplished by violence or intimidation. He did not challenge the credibility of [the victim's] identification." *Cephas v. Commonwealth*, Record No. 2928-06-2, at 3 (June 25, 2007). He never directly challenged the victim's in-court identification contemporaneously with the trial proceedings. *Id.* at 4. Thus, Claim One is procedurally defaulted and barred from review unless Cephas demonstrates some basis for excusing his default.

Cephas presents no valid reason preventing him from complying with the state procedural rule. Instead, he argues that the Court of Appeals erred in finding Claim One barred by Rule 5A:18 because his trial counsel renewed all previous motions at the conclusion of trial which, he

contends, included a motion to suppress the improper identification. (Pet'r's Resp. to Resp't's Mot. to Dismiss 1-4.) This Court will not second-guess the determination by the Court of Appeals that this generic renewal of motions, failed to preserve the "question of the sufficiency of the evidence to support the conviction," rendering the claim unreviewable under Rule 5A:18. *Cephas v. Commonwealth*, Record No. 2928-06-2, at 3-4 (June 25, 2007). "A state court's finding of procedural default that rests upon a determination of state law is unreviewable even if the state court clearly misapplied state law." *Nelson v. Johnson*, No. 2:08cv349, 2009 WL 1147915, at *4 (E.D. Va. Apr. 27, 2009) (*citing Gilbert v. Moore*, 134 F.3d 642, 657 n.14 (4th Cir. 1998)). Cephas's argument alleges error by the Court of Appeals in its application of Rule 5A:18, not cause and prejudice to excuse its finding of default for failure to comply with the state procedural rule. Accordingly, Claim One will be DISMISSED.

### B. Claim Two: Sufficiency of the Evidence

A federal habeas petitioner is entitled to relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (*citing Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). In order to establish robbery, the Commonwealth had to have established that the Petitioner "took property from the victim by force, threats, or violence, and that the intent to steal co-existed with the act of force." *Pugliese v. Commonwealth*, 428 S.E.2d 16, 24 (Va. Ct. App. 1993).

Cephas contends the evidence insufficiently showed that he acted with requisite intent to sustain a conviction for robbery. The Court of Appeals summarized the evidence as follows:

> Anna Dreesen testified that during the early morning hours of January 26, 2006 she parked her car and partly opened her car door. As she began gathering her belongings, a man approached her and forcefully pulled her car door completely open. She explained she struggled with the man as he grabbed her and reached across her body. She stated she did not know what he wanted but feared for her life. After the struggle, which Dreesen estimated lasted forty-five seconds, the man paused, grabbed her purse and fled the scene. Dreesen briefly chased the man and a short time later spoke with the police.

*Cephas v. Commonwealth*, Record No. 2928-06-2 at 1-2 (June 25, 2007).

Cephas asserts that the evidence was insufficient to prove the "intent to steal" element of robbery, because the victim's assailant's actions evinced a lack of a specific intent to steal the victim's purse during the phase of the crime during which the assailant used force and intimidation. (Pet'r's Mem. 21-22.) Rather, Cephas suggests that the victim's assailant "use[d] violence for a purpose unrelated to the theft in question, and only as an afterthought, decided to steal the property." (Pet'r's Mem. 22.) He further suggests that the victim's success in fighting off her assailant during a period of approximately forty-five seconds, without taking any actions during the struggle to protect the purse that sat "totally unprotected and unconstrained on her lap," proves that the assailant did not form the intent to take the purse until after he had failed in his "apparent, futile attempt of intimidation" to overpower the victim in furtherance of "some unknown criminal act." (Pet'r's Mem. 25-26.)

Considered in the light most favorable to the Commonwealth, the evidence amply demonstrated that any rational trier of fact could have "permissibly inferred [Cephas] acted with the requisite intent at the time he stole Dreesen's property and engaged in violence against her."

*Cephas v. Commonwealth*, Record No. 2928-6-2, at 3 (June 27, 2007). Both the Court of Appeals and the Supreme Court of Virginia determined that the evidence sufficiently proved beyond a reasonable doubt that Cephas acted with intent to steal. Nothing in the record suggests that the decisions of the state courts were "contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), nor that they "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Claim Two will be DISMISSED.

### IV. Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss will be GRANTED. The Petition will be DISMISSED.

An appropriate Order shall issue.

/s/ M.H.L.
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 5/27/09